2703d Motion; Rev. 5/19

FILED IN CHAMBERS
U.S.D.C. Atlanta

NOV 14 2019

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

ORIGINAL

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

IN THE MATTER OF AN
APPLICATION OF THE UNITED
STATES OF AMERICA FOR AN
ORDER UNDER 18 U.S.C. § 2703(d)

CRIMINAL NO.

1:19-MJ-984

## UNITED STATES' APPLICATION FOR
## AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)

The United States of America, by Byung J. Pak, United States Attorney for
the Northern District of Georgia, and Samir Kaushal, Assistant United States
Attorney, respectfully submits this *ex parte* application for an Order pursuant to
18 U.S.C. § 2703(d). The proposed Order would require AT&T ("Service
Provider"), an electronic communication service and/or remote computing
service located in North Palm Beach, Florida, to disclose certain records and
other information (as set forth below) associated with the phone number 470-736-
2000 ("the Account"). In support of its application, the United States asserts:

### Legal Background

1.  Service Provider is a provider of an electronic communications service, as
defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in
18 U.S.C. § 2711(2). Accordingly, the United States may use a court order issued
under § 2703(d) to require Service Provider to disclose the following records and
other information, if available, to the United States for the Account, for the time
period of January 1, 2019, to November 13, 2019:

a. The following information about the customers or subscribers of the Account:

    1) Name (including subscriber name, user name, and screen names);

    2) Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

    3) Local and long distance telephone connection records;

    4) Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

    5) Length of service (including start date) and types of service utilized;

    6) Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"), Mobile Identification Numbers ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"), International Mobile Subscriber Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI"));

    7) Other subscriber numbers or identities (including temporarily assigned network addresses and registration Internet Protocol ("IP") addresses (including carrier grade natting addresses or ports)); and

    8) Means and source of payment for such service (including any credit card or bank account number) and billing records.

b. All records and other information (except the contents of communications) relating to the Account, including:

    1) Records of user activity for each connection made to or from the Account, including log files; messaging logs; the date, time, length,

and method of connections; data transfer volume; user names; and source and destination Internet Protocol addresses; and

2) Information about each communication sent or received by the Account, including the date and time of the communication, the method of communication, and the source and destination of the communication (such as source and destination email addresses, IP addresses, and telephone numbers).

*See* 18 U.S.C. § 2703(c)(2); 18 U.S.C. § 2703(c)(1).

2.  This Court has jurisdiction to issue the proposed Order because it is "a court of competent jurisdiction," as defined in 18 U.S.C. § 2711. *See* 18 U.S.C. § 2703(d). Specifically, the Court is a district court of the United States that has jurisdiction over the offense being investigated. *See* 18 U.S.C. § 2711(3)(A)(i).

3.  Pursuant to 18 U.S.C. § 2703(d), a court shall issue an order "only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that the contents of a wire or electronic communication, or the records or other information sought, are relevant and material to an ongoing criminal investigation." Accordingly, this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the requested records and other information are relevant and material to an ongoing criminal investigation.

## Relevant Facts

4.  The United States is investigating a scheme to defraud USAA Bank ("USAA"). The investigation concerns possible violations of federal law. *See* 18 U.S.C. §§ 1344 (bank fraud) and 1349 (bank fraud conspiracy).

3

5.  On or about July 1, 2019, a USAA investigator contacted the FBI regarding possible fraud being conducted upon USAA, a FDIC insured bank. According to the USAA investigator:

    A. The suspected fraudulent activity involved creating so-called "synthetic identities"[1] and using them to create USAA member profiles. In some instances, real personally identifying information was also used. In general, the fraudulent activity unfolded as follows:

        i.  A new member profile would be opened, and then multiple associated member profiles for children, step-children, etc., would be opened.

        ii.  Once the profiles were opened, each profile was used to open multiple checking accounts and, through remote deposit with the USAA remote banking app, fraudulent, worthless checks in amounts around $200 were repeatedly remotely deposited. Oftentimes the same check was remotely deposited into several accounts at a time.

        iii.  Even though the checks were worthless, due to, among other things, the manner in which the deposits were made and the amounts listed on the checks, the amounts would be credited into the accounts as deposits.

        iv.  USAA would not discover that the checks were fraudulent and worthless until later, but the funds USAA credited would already

---

[1] A "synthetic identity" is a term used to describe a fabricated identity.

4

B. USAA's remote banking app captures geo-coordinates and other data for transactions conducted using the app.

C. The remote banking app activity associated with the suspected fraud has geo-located to two locations, an office in Stone Mountain, Georgia, and a residence in Lithonia, Georgia.

6. On or about July 9, 2019, a USAA investigator provided information to the FBI showing that, according to USAA databases, the phone number 470-736-2600 (the Account) was provided in the profile information in the creation of approximately 4,257 profiles since January 6, 2019. According to USAA, these profiles were created as part of the fraud scheme described in paragraph 5.

7. According to a USAA investigator, as of July 9, 2019, USAA has suffered approximately $384,000 in loss from the fraud scheme.

## Requests

8. The facts set forth in the previous section show that there are reasonable grounds to believe that the records and other information requested are relevant and material to an ongoing criminal investigation. The subscriber and other non-content information requested here will help identify the individuals who are responsible for the bank fraud. Accordingly, the United States requests that Service Provider be directed to produce all items described in the proposed Order.

## Conclusion

WHEREFORE, the United States requests that the Court grant its application for the disclosure the records and other information listed above.

Dated: November 14, 2019.

Respectfully submitted,

BYUNG J. PAK
*United States Attorney*

SAMIR KAUSHAL
*Assistant United States Attorney*
Georgia Bar No. 935285
Email: Samir.Kaushal@usdoj.gov

600 U.S. Courthouse ▪ 75 Ted Turner Drive SW
Atlanta, GA 30303 ▪ 404-581-6000